wo

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Cortez Bell,<br><br>               Plaintiff,<br><br>v.<br><br>K. Hakeman,<br><br>               Defendant. | No. CV-24-03377-PHX-SHD (JZB)<br><br>**ORDER** |

       Plaintiff Richard Cortez Bell, who is currently confined in the La Palma Correctional Center (LPCC), filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983.  Before the Court is Plaintiff's Motion to Amend (Doc. 19), the Magistrate Judge's Report and Recommendation ("R&R") regarding Plaintiff's Motion to Amend (Doc. 28), and Plaintiff's Objections to the R&R (Doc. 29).  For the reasons set forth below, the R&R will be **adopted in part and rejected in part**, and Plaintiff's motion for leave will be **granted in part and denied in part**.

**I.      PERTINENT PROCEDURAL BACKGROUND**

       Plaintiff filed his initial Complaint on November 27, 2024, asserting deliberate indifference medical claims against four defendants—Nurse Practitioner K. Hakeman, Assistant Deputy Warden Freeland, Registered Nurse Wofford, and CoreCivic Medical Monitor Steve Bender—based on allegations that these defendants improperly deprived him of a knee brace (the "Knee Brace Claim") and deprived him of the diabetes medication Trulicity (the "Trulicity Claim").  (Doc. 1.)  On April 17, 2025, upon screening under 28

U.S.C. § 1915A(a), the Court determined that Plaintiff stated an Eighth Amendment medical claim against Hakeman under the Knee Brace Claim theory. (Doc. 7 at 8.) The Court, however, dismissed the remaining defendants, as well as Plaintiff's Trulicity Claim, without prejudice for failure to state a claim. (*Id.* at 6–7.) On July 8, 2025, Hakeman filed her answer addressing only the Knee Brace Claim. (Doc. 12.)[1]

On July 29, 2025, Plaintiff moved to amend his complaint, (Doc. 19), and separately lodged a proposed Second Amended Complaint, (Doc. 20).[2] In his Proposed Amended Complaint, Plaintiff added the three defendants initially dismissed (Freeland, Wofford, and Bender) plus two new defendants: Dr. Ivens, "CoreCivic's medical supervisor at La Palma C.C.," (Doc. 20 at 4 (cleaned up)), and Kirk Weddle, a "part of CoreCivic's medical staff . . . who addresses all inmate complaints concerning medical issues . . . at La Palma C.C.," (*id.* at 6). Plaintiff also reasserted his Trulicity Claim. (*Id.* at 5.) Hakeman opposed the amendment, arguing that it was futile because Plaintiff had failed to cure the deficiencies identified in the Court's initial screening order. (Doc. 23.)[3] Plaintiff replied, focusing primarily on his addition of Dr. Iven in the Proposed Amended Complaint. (Doc. 24.)[4]

---

[1] No other defendant has been served, and thus no other defendant has appeared in this case to date.

[2] Plaintiff refers to his proposed amended complaint as a "Second Amended Complaint" because on June 2, 2025, he moved to amend his initial Complaint and lodged a proposed First Amended Complaint. (Docs. 9 and 10.) His first motion to amend was never fully briefed and ultimately was denied as moot due to the filing of the second motion to amend. (Doc. 26.) For simplicity, the Court will refer to the proposed complaint at issue as "the Proposed Amended Complaint."

[3] Hakeman also argued that the amendment to add Dr. Iven was futile because Plaintiff failed to adequately allege that Dr. Iven had any knowledge of Plaintiff's medical care, among other things. (Doc. 23 at 1–2.) It is unclear why Hakeman challenged a portion of the Proposed Amended Complaint that did not impact her, and the Court will disregard Hakeman's arguments concerning Dr. Iven. Nonetheless, the Court will independently assess the adequacy of the Proposed Amendment Complaint—including the claims against Dr. Iven—pursuant to its obligation to screen *in forma pauperis* complaints under 28 U.S.C. § 1915A(a).

[4] In his reply, Plaintiff alleged the following: "On information and belief, Dr. Ivens personally participated in denial of Plaintiff's request for and [sic] outside orthopedic consultation and issuance of a specialty knee brace, despite documented medical justification and approval." (Doc. 24 at 3 (cleaned up).) That allegation, however, does not appear in the Proposed Amended Complaint and therefore will not be considered by the Court.

On October 14, 2025, the Magistrate Judge issued a Report and Recommendation (the "R&R") that rejected the Knee Brace Claim against all proposed defendants except Hakeman, and rejected the Trulicity Claim against all proposed defendants. (Doc. 28 (recommending that motion to amend be granted in part and denied in part).) Regarding the Knee Brace Claim, the Magistrate Judge found that Plaintiff's allegations against all proposed defendants except Hakeman were too vague and conclusory as to their knowledge of his medical situation to state a constitutional violation. (*Id.* at 6–11.) Regarding the Trulicity Claim, the Magistrate Judge found that Plaintiff's allegations only set forth a mere difference of opinion between medical providers, which is not actionable under the Eighth Amendment. (*Id.* at 11–12.)

Plaintiff timely objected to the R&R. (Doc. 29.) In his Objection, Plaintiff asserted that he sufficiently alleged that the proposed defendants knew about his medical conditions and failed to act, causing him harm, and that he did not need to provide any specific dates because "that is what discovery is for" and "Plaintiff reserves that right to conform the pleadings to the evidence presented at trial." (*Id.* at 2–6.) Plaintiff also asserts that he adequately stated his Trulicity claim because the diabetes treatment he received at LPCC contradicted the orders of his prior doctor and caused him harm. (*Id.* at 8–10.) Hakemen replied to Plaintiff's Objection, defending the R&R in its entirety. (Doc. 30 at 3–6.)

## II.   LEGAL STANDARDS

### A.   Review of Report and Recommendation

A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where any party has filed timely objections to the magistrate judge's report and recommendations, the district court's review of the part objected to is to be de novo. *Id.* If, however, no objections are filed, the district court need not conduct such a review. *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003). Objections must be *specific*. Fed. R. Civ. P. 72(b)(2). "[G]eneral, non-specific objections" are not sufficient to require the District Court "conduct de novo review of the entire R & R." *Sullivan v. Schriro*, 2006 WL 1516005, at

\*1 (D. Ariz. 2006).

### B. Leave to Amend

Leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave need not be granted, however, where there exist circumstances "such as . . . repeated failure to cure deficiencies by amendments previously allowed . . . and futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) ("A district court does not err in denying leave to amend where the amendment would be futile . . . or where the amended complaint would be subject to dismissal." (citations omitted)). The allegations in a proposed amended complaint must be taken as true in assessing whether the amendment would be futile. *See, e.g.*, *Utherverse Gaming LLC v. Epic Gaming, Inc.*, 2023 WL 4908304, at \*4 (W.D. Wash. 2023) ("To analyze whether any amendment would be futile, the Court accepts the assertions of fact as true . . . ."). As the Ninth Circuit has instructed, courts must "construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) ("[O]ur obligation remains, where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt." (cleaned up)).

### C. Eighth Amendment Medical Claims Under 42 U.S.C. § 1983

An Eighth Amendment medical claim must be predicated on the "deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). "Deliberate indifference is a high legal standard," *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004), and to demonstrate it a plaintiff must establish two things. First, the plaintiff must prove "a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Penner*, 439 F.3d at 1096 (cleaned up). Second, the plaintiff must demonstrate that the defendant's response was deliberately indifferent by showing: (1) a purposeful act or failure to respond to medical need; and (2) harm caused by the defendant's indifference. *Id.* Indifference may

be found where a prison official denies, delays, or intentionally interferes with a prisoner's medical treatment. *Id.*

"[A] prison official cannot be found liable . . . unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [they] must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994) ("[A]n official's failure to alleviate a significant risk that [they] should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." (*Id.* at 838.)). Thus, liability only attaches if a prison official "knows of and disregards an excessive risk to inmate health and safety." *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (quoting *Toguchi*, 391 F.3d at 1057).

**III.   DISCUSSION**

In his Proposed Amended Complaint, Plaintiff asserts a single count against six individual proposed defendants. (Doc. 20 at 5.) This count includes both the Knee Brace Claim and the Trulicity Claim. (*See id.* at 5–6.) The Court will first generally address the sufficiency of the Knee Brace and Trulicity Claims before addressing whether Plaintiff has sufficiently alleged facts implicating each of the proposed defendants with respect to those claims.

**A.   Knee Brace Claim**

Plaintiff alleges that all proposed defendants were deliberately indifferent to his serious medical needs by cancelling a knee brace ordered by an outside specialist and refusing to reorder it from a company called Hagar based on the "fictitious" claim that the knee brace contained metal in it, leaving him without the brace and causing pain in his knees and ankles. (Doc. 20 at 6.) Plaintiff asserts that he was told that he could not have his knee brace due to metal in it but implies this was pretextual because Plaintiff was allowed his knee brace in the custody of the Arizona Department of Corrections, Rehabilitation, and Reentry (ADCRR). (*Id.* at 9.) Plaintiff also alleges that Hakeman refused to order him an alternative knee brace—such as plastic, fiberglass, or hard plastic—

1  and refused to provide him an x-ray or MRI for his worsening knee pain. (*Id.*)

2  On screening, the Magistrate Judge determined that Plaintiff sufficiently stated his Knee Brace Claim as to Defendant Hakeman, (Doc. 7 at 8), and reached the same conclusion in the R&R, (Doc. 28 at 6 n.7, 7–8). The Court agrees that Plaintiff has alleged that he has a serious medical need, and sufficiently alleged deliberate indifference with respect to the deprivation of his knee brace as to Hakeman.[5]  And as set forth in Section III(C) below, Plaintiff has also sufficiently alleged that most of the other proposed defendants knowingly disregarded an excessive risk to his safety by depriving him of the brace.

### B.  The Trulicity Claim

In the Proposed Amended Complaint, Plaintiff claims deliberate indifference to his serious medical needs due to the denial of Trulicity for weight loss as part of the treatment for his diabetes. (*Id.* at 5.) Plaintiff alleges that he was able to lose weight with Trulicity and that it is the "only medication" that has been effective for weight loss. (*Id.*) Plaintiff further asserts that when he arrived at LPCC "corecivic medical staff" cancelled his Trulicity shot to "save money" and replaced it with an unnamed medication that "is ineffective," "has caused [him] to continue to gain weight," and has other "harmful side effects such as loss of sleep, weight gain, [and] pain in knees and ankles" due to the weight gain. (*Id.*)

Liberally construing the Proposed Amended Complaint, Plaintiff has sufficiently alleged deliberate indifference with respect to the Trulicity Claim. He has alleged that he has a serious medical need to control his diabetes and weight, and as set forth in Section III(C) below, has sufficiently alleged that most of the proposed defendants knew of and disregarded an excessive risk to his safety and health by depriving him of Trulicity to treat his diabetes and weight.

Hakeman cites *Sanchez v. Vild*, 891 F.2d 240 (1989), to argue that the Trulicity

---

[5] The Court need not address the Knee Brace Claim against Defendant Hakeman further because she did not object to the R&R. *Cf. Schmidt*, 263 F. Supp. 2d at 1226 (if no objections are filed, the district court need not conduct a review).

- 6 -

Claim fails because Plaintiff alleged only a "mere disagreement over the type of medical treatment he receives." (Doc. 23 at 2; Doc. 30 at 6.) *Sanchez*, however, does not support Hakeman's argument. In that case—which was decided on appeal of a summary judgment ruling—the evidence established that a prison doctor had advised the plaintiff that he needed surgery, but that the plaintiff had received an "extensive degree . . . [of] subsequent medical attention," including seeing "a physician's assistant, prison doctors, and outside physicians," and receiving "substantial treatment and medication for his ailments" that "cleared up the symptoms of his ailments, which . . . recur." *Sanchez*, 891 F.2d at 242. Here, Plaintiff has alleged that the medication and care he is receiving have not treated his serious medical needs and are making his condition worse, causing weight gain, pain and swelling, and loss of sleep. Accordingly, Hakeman's argument is unavailing.

### C. The Proposed Defendants' Knowledge of Plaintiff's Medical Needs

Plaintiff's Proposed Amended Complaint sets forth allegations against each of the six proposed defendants in turn. (Doc. 20 at 6–16.) The Court will conduct its analysis in the same fashion to determine whether Plaintiff has sufficiently alleged Eight Amendment claims against the proposed defendants, focusing on their alleged knowledge of and deliberate indifference towards his serious medical needs.

#### 1. Weddle

Plaintiff asserts that on June 17, 2024, he wrote to Weddle, a member of CoreCivic's medical staff who addresses inmate complaints regarding medical issues, informing him that his serious medical needs—including "diabetes, obesity, bad knees, and rapid weight gain"—were not being treated appropriately and instead were worsening. (*Id.* at 6–7.) He alleges that Weddle reviewed Plaintiff's medical records when researching Plaintiff's complaint but did nothing to address his concerns. (*Id.*) Taking Plaintiffs' allegations as true and liberally construing the Proposed Amended Complaint, Plaintiff has sufficiently alleged deliberate indifference by Weddle because Weddle allegedly knew about Plaintiff's serious medical needs and the inappropriate treatment he received and declined to order proper treatment. Accordingly, Plaintiff's proposed addition of Weddle as a defendant is

not futile and he will be granted leave to amend to add Weddle as to both of his deliberate indifference claims.

### 2. Hakeman

The Magistrate Judge determined, without objection by Hakeman, that Plaintiff stated an Eight Amendment deliberate indifference claim against her based on his Knee Brace claim. (Doc. 28 at 7–8.) The Court now finds that Plaintiff has also asserted sufficient facts regarding Hakeman's deliberate indifference regarding his diabetes medication to state his Trulicity Claim against her. Specifically, he alleges that prior to and during the summer of 2024 while he was at LPCC, he "wrote to Defendant K. Hakeman concerning his medical issues through the inmate internal mailing system" explaining "the seriousness and worsening of [his] medical conditions in great detail" and also explained in detail that his Trulicity injection had helped him but "since being stripped of his . . . Trulicity shot . . . he was rapidly gaining weight and . . . the rapid weight gain causes his knees and ankles to swell to the point Plaintiff can barely ambulate around." (Doc. 20 at 7–8.) He further alleges that notwithstanding her knowledge of his worsening condition, Hakeman "chose to ignore Plaintiff's crys [sic] for help" and "knowingly failed to respond to Plaintiff's medical needs." (*Id.* at 8, 9.) These allegations, liberally construed, state a claim for deliberate indifference against Hakeman concerning the Trulicity Claim and she will be ordered to respond to that claim.

### 3. Wofford

Plaintiff asserts that through the grievance system and inmate letters, he repeatedly and extensively made Wofford, a registered nurse at LPCC, aware of his ongoing issues with medication and his knee brace, as well as the deterioration of his condition, but that Wofford knowingly failed to act. (*Id.* at 10-11.) Specifically, he alleges that he "made clear the worsening of his medical condition to Defendant Wofford, as compared to his condition when he was being given the Trulicity shot, and using the special Hangar knee brace" and did so in the "late summer and early winter months of 2024." (*Id.* at 10.) He also alleges that he "repeatedly complained to Wofford about the lack of medical treatment,

medications, and equipment, and to no avail Wofford would not correct the issues made known to him by Plaintiff." (*Id.* at 10–11.) Construing the Proposed Amended Complaint liberally, Plaintiff has stated a claim against Wofford and leave will be granted to add Wofford as a defendant as to both the Knee Brace Claim and the Trulicity Claim.

### 4. Bender

Plaintiff alleges that in July 2024, he sent CoreCivic Medical Monitor Bender an inmate letter making him aware of "ongoing medical issues and complications," and worsening condition, but despite knowing of these issues Bender failed to address them or take any action to investigate or resolve them, and instead "ignored those risks, complaints and red flags." (*Id.* at 11–13.) Plaintiff alleges that he also informed Bender that he was unable to sleep at night due to chronic pain. (*Id.* at 12.) Again, construing Plaintiff's allegations liberally, his allegations against Bender are not futile and leave will be granted to add Bender as a defendant as to both the Knee Brace Claim and the Trulicity Claim.

### 5. Freeland

Plaintiff alleges that in September 2024, he informed Freeland, an assistant deputy warden at LPCC, through the grievance systems about his "entire medical episode" at La Palma, including "how his condition and complaints reached a point of deterioration," but Freeland intentionally declined to act. (*Id.* at 13–15.) Plaintiff further alleges that Freeland was responsible for ensuring adequate medical care. (*Id.*) As with the other proposed defendants, and again construing the Proposed Amended Complaint liberally, Plaintiff has stated a claim for deliberate indifference against Freeland based on his alleged knowledge of Plaintiff's serious medical needs and refusal to address them. At this early stage of the case—without the benefit of any discovery or presentation of evidence by the parties—the Court cannot conclude that Plaintiff's allegations against Freeland are futile as a matter of law, and leave will be granted to add Freeland as a defendant.

### 6. Ivens

Plaintiff does not allege that Ivens actually knew of Plaintiff's alleged serious medical needs or inadequate medical treatment. Rather, Plaintiff alleges only that "[a]ll

inmate complaints concerning medical [go] through Defendant Ivan's [sic] hands" since he is CoreCivic's medical supervisor, and that "it's his job to know of such matters." (*Id.* at 15.) Plaintiff's allegations against Ivens, sued in his individual capacity, fail to state a claim because they do suggest that Ivens had actual knowledge of Plaintiff's serious medical needs, let alone that Ivens acted with deliberate indifference to those needs.

Furthermore, simply because a defendant is a supervisor in the medical department and "has access" to Plaintiff's medical records does not render them liable under the Eighth Amendment. *See, e.g.*, *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (there is no respondeat superior liability under § 1983, and therefore, a defendant's position as the supervisor of persons who allegedly violated a plaintiff's constitutional rights does not impose liability).[6] Because Plaintiff's amendment is futile as to his claims against Ivens, he will be denied leave to amend to add Ivens.

Accordingly, Plaintiff's Objections will be sustained in part and overruled in part, the R&R will be adopted in part and rejected in part, and the Motion for Leave to Amend will be granted in part and denied in part.

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is withdrawn as to Plaintiff's Motion to Amend (Doc. 19).

(2) The Magistrate Judge's Report and Recommendation (Doc. 28) is **adopted in part and rejected in part**. Plaintiff's Motion to Amend (Doc. 19) is **granted in part and denied in part** as set forth in this Order.

(3) The Clerk of the Court must file the Amended Complaint (currently lodged at Doc. 20).

(4) Defendant Hakeman must respond to the Trulicity Claim no later than **fourteen days** from the date of this Order.

---

[6] Plaintiff also alleges that he was denied medical treatment by CoreCivic due to a policy of saving money and due to a security policy preventing him from getting a metal brace, but Plaintiff has not named CoreCivic as a defendant in this case. (*See* Doc. 20 at 5.)

(5) The Clerk of Court must send Plaintiff a service packet including this Order, the Amended Complaint, and a copy of the Marshal's Process Receipt & Return form (USM-285) and Notice of Lawsuit & Request for Waiver of Service of Summons form for Defendants Weddle, Wofford, Bender, and Freeland..

(6) Plaintiff must complete and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(7) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Amended Complaint on Defendants within 90 days of the filing of the Amended Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(ii).

(8) The United States Marshal must retain the Summons, a copy of the Amended Complaint, and a copy of this Order for future use.

(9) The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendants must include a copy of this Order.

(10) If Defendants agree to waive service of the Summons and Amended Complaint, Defendants must return the signed waiver forms to the United States Marshal, not the Plaintiff, within 30 days of the date of the notice and request for waiver of service pursuant to Federal Rule of Civil Procedure 4(d)(1)(F) to avoid being charged the cost of personal service.)

(11) The Marshal must immediately file signed waivers of service of the summons. If a waiver of service of summons is returned as undeliverable or is not returned by Defendants within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

      (a)      personally serve copies of the Summons, Amended Complaint, and this Order upon Defendants pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

      (b)      within 10 days after personal service is effected, file the return of service for Defendants, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendants. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendants pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(12)    Defendants Weddle, Wofford, Bender, and Freeland must answer the Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

Dated this 11th day of December, 2025.

_____
Honorable Sharad H. Desai
United States District Judge