WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Richard Cortez Bell,

Plaintiff,

v.

K. Hakeman, et al.,

Defendants.

No. CV-24-03377-PHX-SHD (JZB)

**ORDER**

Pending is *pro se* Plaintiff Richard Cortez Bell's third Motion for Leave to Amend Complaint and Exceed Complaint Page Limit, Pursuant to Rule 15(a), Federal Rules of Civil Procedure, ("Third Motion to Amend"), (Doc. 43). The Magistrate Judge issued a Report and Recommendation ("R&R") recommending that the Third Motion to Amend be denied. (Doc. 51.) Bell filed an Objection to the R&R, (Doc. 52), which is fully briefed, (Doc. 59). The Magistrate Judge ordered Defendant Hakeman to respond to Bell's Second Amended Complaint by January 19, 2026. (Doc. 51 at 10.) Hakeman filed two Motions to Stay the responsive pleading deadline until after the Court's ruling on the pending R&R. (Docs. 54 and 71.) For the reasons set forth below, Bell's objections will be **overruled**, the R&R will be **adopted**, and the Third Motion to Amend will be **denied**. Hakeman's Motions to Stay will be **granted,** and a new deadline for responding to Bell's Second Amended Complaint will be set.

## I. BACKGROUND AND PROCEDURAL HISTORY

On November 27, 2024, Bell filed his initial Complaint. (Doc. 1.) The original

Complaint asserted claims against Defendants Hakeman, Freeland, Wofford, and Bender. (*Id.* at 2.)  On April 17, 2025, the Court dismissed Defendants Wofford, Freeland, and Bender, as well as Bell's claim that, as a chronic care patient struggling with diabetes and weight gain, he required "special care, treatments, and medication."  (Doc. 7 at 6–7.)  On June 2, 2025, Bell filed a Motion for Leave to Amend the original Complaint, ("First Motion to Amend").  (Doc. 9.)  On July 8, 2025, Defendant Hakeman, the sole remaining Defendant, filed an answer to Bell's original Complaint, and shortly thereafter the Court issued a Rule 16 Case Management Order.  (*See* Docs. 12, 13.)  The Case Management Order set a deadline of October 10, 2025, for Bell to seek leave to amend his Complaint. (Doc. 13 at 1.)  On July 29, 2025, Bell filed a second Motion for Leave to Amend, (Doc. 19 ("Second Motion to Amend")), and the Court therefore denied the First Motion to Amend as moot a month later, (Doc. 26).  In his Second Motion to Amend, Bell sought to add new Defendants and reassert a previously dismissed claim.  (Docs. 19, 20.)

On October 14, 2025, the Magistrate Judge entered a Report and Recommendation recommending that Bell's Second Motion to Amend proceed in part.  (Doc. 28.)  On December 11, 2025, the Report and Recommendation of the Magistrate Judge was adopted in part and rejected in part.  (Doc. 41.)  The Court ordered that Bell's Second Amended Complaint be filed, but denied Bell's request to add Dr. Ivens as a defendant.  (*Id.*)

On December 16, 2025, Bell filed his third Motion for Leave to Amend, (Doc. 43). Soon thereafter, on January 5, 2026, the Magistrate Judge entered the R&R at issue here, recommending denial of Bell's Third Motion to Amend for four reasons:  (1) Bell sought leave to amend more than two months after the amendment deadline without any explanation for the delay or argument that he was diligent in seeking amendment, (Doc. 51 at 6); (2) Bell was not in fact diligent, (*id.* at 7); (3) Bell's new amendment attempts to assert new theories known to him from the outset of the case, (*id.* at 7–8); and (4) courts in the District of Arizona have found even minor delays in seeking amendment untimely for lack of good cause, (*id.* at 8).

Bell objected to each ground identified in the R&R, arguing that extenuating

circumstances excused his failure to meet the amendment deadline. (Doc. 52 at 3–5.) Defendant Hakeman replied, arguing that Bell's objections should be overruled for two reasons. First, they fail procedurally because they constitute an impermissible "general objection." (*See* Doc. 59 at 2–3.) Second, they fail on the merits because Bell failed to establish diligence, and therefore good cause. (*See id.* at 3–5.) Separately, Hakeman also moved for relief from the responsive pleading deadline ordered by the Magistrate Judge to avoid duplicative effort if Bell's Third Motion to Amend was granted. (*See* Docs. 54 and 71.)

## II.    LEGAL STANDARDS

### A.    Review of Report and Recommendation

A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). When any party has filed timely objections to the magistrate judge's report and recommendations, the district court's review of the part objected to is to be de novo. *Id.* If, however, no objections are filed, the district court need not conduct such a review. *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003). Objections must be *specific.* Fed. R. Civ. P. 72(b)(2). "[G]eneral, non-specific objections" are not sufficient to require the District Court to "conduct de novo review of the entire R & R." *Sullivan v. Schriro*, 2006 WL 1516005, at *1 (D. Ariz. 2006).

### B.    Good Cause Under Rule 16[1]

Under Rule 16, a court must issue a scheduling order, and that scheduling order "must limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). "Once the district court had filed a pretrial scheduling order pursuant to [Rule 16] which established a timetable for amending pleadings that rule's standards control[]." *Johnson v. Mammoth Recreations, Inc.*, 975

---

[1]    In the R&R, the Magistrate Judge set forth in detail the standards applicable under the circumstances, and Bell did not object to those standards. Accordingly, I generally adopt those standards and restate them with minor modifications below.

F.2d 604, 607–08 (9th Cir. 1992) (explaining that following entry of scheduling order, "Rule 15 does not provide the standards by which we consider [a plaintiff's] motion to amend"). Accordingly, "[w]hen a party seeks to amend its pleading after the date specified in the scheduling order has passed, the party must first satisfy the requirements of Rule 16, and then must demonstrate amendment is proper under Rule 15." *Acosta v. Austin Elec. Servs. LLC*, 325 F.R.D. 325, 328 (D. Ariz. 2018) (citing *Johnson*, 975 F.2d at 608).[2]

"Under Rule 16, a court may only modify a scheduling order for 'good cause.'" *Id.* (quoting Fed. R. Civ. P. 16(b)(4)). "A court's evaluation of good cause is *not* coextensive with an inquiry into the propriety of the amendment under Rule 15." *Morgal v. Maricopa Cnty. Bd. of Supervisors*, 284 F.R.D. 452, 459 (D. Ariz. 2012) (cleaned up) (emphasis in original). "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. In other words, the focus of the inquiry is on the moving party's reason for seeking modification of the case schedule. *See Morgal*, 284 F.R.D. at 459 (citing *C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 984 (9th Cir. 2011)).

Courts within the Ninth Circuit apply a three-part test to determine whether a party acted diligently:

> To demonstrate diligence under Rule 16's "good cause" standard, the movant may be required to show the following: (1) that he was diligent in assisting the court in creating a workable Rule 16 order; (2) that his noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding his diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that he was diligent in seeking amendment of the Rule 16 order, once it became apparent that he could not comply with the order.

*Morgal*, 284 F.R.D. at 460 (cleaned up). The good cause inquiry "ends, however, if the

---

[2] The standard for leave to amend is set forth in the December 11, 2025 Order (Doc. 41) and need not be repeated here.

party seeking the amendment has not shown diligence." *Cano v. Schriro*, 236 F.R.D. 437, 439 (D. Ariz. 2006), *aff'd*, 269 F. App'x 755 (9th Cir. 2008). "The existence of prejudice to the opposing party might supply additional reasons to deny a motion." *Id.* (quotation marks omitted).

## III.   DISCUSSION

### A.   Bell Has Failed to Establish Diligence and Good Cause

Bell filed his Third Motion to Amend on December 16, 2025, more than two months after the October 10, 2025 amendment deadline set forth in the scheduling order. (Doc. 13 at 1.) Accordingly, because Bell seeks amendment after the deadline to do so, he must satisfy both Rules 15 and 16. *See Acosta*, 325 F.R.D. at 328. He has not done so, and therefore his Objection will be overruled and the R&R adopted.[3]

Bell effectively makes five arguments in his Objection: (1) that he did not have the scheduling order in his possession because it was seized by prison staff, (Doc. 52 at 3); (2) that he would have sought amendment sooner but it was the Magistrate Judge's fault that the October 14, 2025 Report and Recommendation on Bell's Second Motion to Amend ("October 2025 R&R") was entered after the amendment deadline, (*id.*); (3) that on December 8, 2025 he sought but was improperly denied an extension of the case deadlines, (*id.* at 2–3); (4) that judicial economy supports amendment of his complaint, (*id.* at 4); and (5) that my recent decision in *Hodge v. JPMorgan Chase Bank NA*, 2025 WL 2898392 (D. Ariz. 2025), which the Magistrate Judge cited in the R&R, is distinguishable, (*id.* at 4–5).

Bell's arguments—viewed separately or together—fail to demonstrate that he acted diligently in seeking to amend his complaint before the October 10, 2025 amendment deadline. With respect to his assertion that he lost possession of the scheduling order, Bell does not say when he lost possession of it, does not claim he was unaware of the amendment deadline before it expired, and has litigated under that order since it was put in place. In any event, even accepting his assertion as true, Bell does not explain why he could not have asserted the facts and claims set forth in his latest proposed amended

---

[3]   Because Bell's objections fail on the merits, it is unnecessary to address Hakeman's argument that they constitute an improper "general objection."

complaint in any of his prior proposed complaints. Put another way, he has not shown that his delay in seeking amendment was "because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference." *Morgal*, 284 F.R.D. at 460 (cleaned up).

Additionally, Bell's contention that he would have sought amendment sooner but for the timing of the October 2025 R&R also fails. Nothing procedurally prevented Bell from filing his Third Motion to Amend before the October 10, 2025 deadline—indeed, he filed his Second Motion to Amend while his First Motion to Amend was pending, (*see* Doc. 41 at 2 n.2), establishing that he knew how to timely seek amendment. Alternatively, if Bell believed he needed a ruling on his Second Motion to Amend before proceeding, the diligent course would have been to move to extend the amendment deadline before it expired. He did not. Instead, he waited more than two months after entry of the October 2025 R&R to file his Third Motion to Amend, undermining any contention that the Magistrate Judge's timing, rather than Bell's own delay, caused his failure to comply with the scheduling order.

Likewise, although Bell complains that he was improperly denied an extension of case deadlines in December 2025—an issue not properly before me—he fails to explain why he waited to file his motion to extend until nearly two months after entry of the October 2025 R&R. This further reflects a lack of diligence. *See id.* (identifying third factor in diligence analysis as whether the party seeking relief under Rule 16 "was diligent in seeking amendment of the Rule 16 order, once it became apparent that he could not comply with the order" (cleaned up)).

Bell's judicial economy arguments—including his assertion that he is "willing and prepared to accept the court's ultimate ruling on the Third Proposed Amended complaint even if it is adverse" because "[it's] not like [Bell] will be precluded from filing a new separate lawsuit to sue [Dr.] Ivens and assert his additional claim against all Defendants"—are immaterial to the diligence analysis under Rule 16. Accordingly, these arguments will also be rejected.

Finally, although Bell argues against application of *Hodge* to the facts of this case, he does so nominally and fails to actually distinguish that case. In *Hodge*, I quoted binding precedent from the Ninth Circuit stating that "even under the liberal Rule 15 standard late amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action." 2025 WL 2898392, at *3 (cleaned up) (quoting *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1295 (9th Cir. 2000)). Bell does not argue that he was unaware, at the inception of the case, of the facts underpinning the new legal theory he now seeks to assert—indeed, he acknowledges that he seeks to assert new legal theories based on factual allegations related to those previously asserted. (*See* Doc. 52 at 4.) Accordingly, *Hodge* is squarely on point and supports the denial of his Third Motion to Amend.[4]

### B.    Hakeman's Motions to Stay

For the reasons set forth in Hakeman's stay motions (Docs. 54 and 71), I agree that there is good cause to grant the stay requests. Now that Bell's request to amend his complaint is being denied, I will require Hakeman to respond to the operative complaint within fourteen days of this order.

## IV.    CONCLUSION

Bell has failed to establish good cause and diligence sufficient to warrant relief under Rule 16. He therefore will not be granted leave to amend his complaint. Furthermore, now that it is clear that his Second Amended Complaint is the operative complaint, Hakeman will be ordered to respond to it.

Accordingly,

**IT IS ORDERED** that the Report and Recommendation (Doc. 51) is **adopted**, and the Objection (Doc. 52) is **overruled**.

///

---

[4] Because I find that Bell has failed to show the good cause and diligence required under Rule 16, I do not address whether he has also met the standard for amendment under Rule 15.

**IT IS FURTHER ORDERED** that Bell's Motion for Leave to Amend Complaint, (Doc. 43), is **denied**.

**IT IS FURTHER ORDERED** that Defendant Hakeman's Motions to Stay, (Docs. 54 and 71), are **granted**.  Hakeman shall respond to Bell's Second Amended Complaint, (Doc. 42), no later than **fourteen (14) days** after entry of this Order.

Dated this 12th day of June, 2026.

_____
Honorable Sharad H. Desai
United States District Judge